# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITH LABAT | CIVIL ACTION |
| VERSUS | NO. 08-4041 |
| DELISE WILLIAMS, WAYNE KENNEDY, MICHAEL HARRELL, J.P. MILLER, JEFFREY TRAVIS AND BRINK HILLMAN | SECTION "N"(4) |

## ORDER

The Court, having considered the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the failure of the plaintiff to file an objection to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter. Therefore,

**IT IS ORDERED** the **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Rec. Doc. No. 42)** filed by the defendants, Sergeant Brink Hillman, Major Michael Harrell, Assistant Warden J.P. Miller, Lieutenant Delos Williams, CSM Wayne Kennedy, and Chief Jeffery Travis, is **DENIED in part** as moot, to the extent it seeks dismissal of Keith Labat's 42 U.S.C. § 1983 and state law claims against the defendants in their official capacities, since no such claims were raised.

**IT IS FURTHER ORDERED** that the remainder of the defendants' **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Rec. Doc. No. 42)** is **GRANTED**, and the Court hereby:

(1) **DISMISSES WITH PREJUDICE** the following claims for failure to state a claim for which relief can be granted:



(A) Keith Labat's remaining § 1983 claims against the defendants, Hillman, Harrell, Miller, Williams, Kennedy, and Travis (i) challenging the conditions of his confinement, specifically verbal threats and harassment, forced performance of legal work, general conditions including missed meals, denial of other personal needs, and loss of privileges while in isolation, failure to protect him from attack by inmate Alfred Stewart, denial of medical care after the attack by Stewart, concealment of the Stewart attack, falsification of prison records, inadequate investigation, and improper placement within the prison with loss of privileges; (ii) challenging the alleged criminal activity by Kennedy and Williams; and (iii) challenging his transfer to David Wade Correctional Center; and

(B) Labat's claims urged against the defendants Hillman, Harrell, Miller, Williams, Kennedy, and Travis under Racketeer Influenced and Corrupt Organziations Act; and

(2) **DISMISSING WITHOUT PREJUDICE** Labat's remaining state law claims against the defendants Hillman, Harrell, Miller, Williams, Kennedy, and Travis, because this Court declines to exercise its supplemental jurisdiction under 28 U.S.C. § 1367.

IT IS FURTHER ORDERED that the defendants' **Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (Rec. Doc. No. 42)** is GRANTED and Labat's § 1983 claims and state law claims against the defendants of excessive force, denial of medical care, and improper investigation, all arising from the September 19, 2006 incident, are **DISMISSED WITH PREJUDICE**, because these claims have prescribed.

New Orleans, Louisiana, this 13th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE